# EXHIBIT G

   

June 22, 2024

Seth Frotman
Office of the General Counsel,
Consumer Financial Protection Bureau,
1700 G Street NW,
Washington, DC 20552.

Re: <u>Recent CFPB Activity Concerning EFTA's Wire Transfer Exemption</u>

Dear Mr. Frotman:

We write on behalf of The Clearing House Association, the Bank Policy Institute, the New York Bankers Association, and the American Bankers Association (collectively, the "Associations") to address the Consumer Financial Protection Bureau's ("Bureau") recent *amicus* brief and blog post contending that the originating portions of consumer wire transfers do not fall within the Electronic Fund Transfer Act's ("EFTA") wire-transfer exemption.[1]  The *amicus* brief and blog post—which were made without any opportunity for notice and comment required by the Administrative Procedure Act ("APA")—reflect a complete reversal from the Bureau's regulations and longstanding position of it and its predecessor regulatory agencies that the originating portions of consumer wire transfers *are* part and parcel of the wire-transfer exemption from EFTA and are therefore governed by Article 4A of the Uniform Commercial Code ("UCC").

The Bureau has never before expressed the view that a consumer's payment order to her bank to initiate a wire transfer is covered by EFTA.  In fact, regulators' prior statements on this issue—dating back to 1990—are precisely the opposite.  *See* 55 Fed. Reg. 40791, 40804 (1990) (explanation of the Federal Reserve that UCC Article 4A applies to a "payment order" from a "consumer account" directing a funds transfer through the Fedwire Funds Service because EFTA and its implementing regulation "do not apply to fund transfers through Fedwire").  Moreover, since the Bureau's inception, the Bureau itself has accepted that it is "Article 4A of the U[CC]," *not* EFTA, that provides "consumers" with rights and protections "in connection with an unauthorized [wire] transfer," including "improperly executed payment orders."  77 Fed. Reg. 6194, 6211-12 (Feb. 7, 2012); *see also id.* (explaining that "until the Dodd-Frank Act [remittance]

---

[1] *See New York* v. *Citibank, N.A.*, 24-659 (S.D.N.Y.), Dkt. No. 28 (supporting New York Attorney General's position that EFTA excludes only so-called "bank-to-bank [wire] transfers"); CFPB, *Banks' Responsibility for Scams* (May 29, 2024), https://www.consumerfinance.gov/about-us/blog/banks-responsibility-for-scams/
(asserting that EFTA excludes "only bank to bank wire transfers from EFTA's consumer protections").

-2-

provisions become effective, *wire transfers are entirely exempt from the EFTA* and Regulation E" and remarking that the Bureau "believes UCC Article 4A *will no longer apply*" to remittance transfers (alone) as a result of the Dodd-Frank Act amendments (emphasis added)).  The Associations believe the Bureau's prior position is the only plausible interpretation of the statute, one supported by both the legislative record and numerous cases interpreting the statute.  *See New York* v. *Citibank, N.A.*, 24-659 (S.D.N.Y.), Dkt. No. 20.

The Bureau's announcement of a change in its interpretation of EFTA in an *amicus* brief and a blog post is therefore wrong as a matter of law and improper as a matter of process.  Although the Bureau's statements in these documents lack the force of law, those statements implicitly threaten financial institutions with enforcement actions if these institutions continue to treat wire transfers (such as those processed through the Fedwire Funds Service) as covered only by UCC Article 4A, as opposed to both UCC Article 4A and EFTA, as the Bureau argues.  By so doing, the Bureau is seemingly creating a "regulation by blog post"—an action that evades the APA's requirements (including notice and comment) that must be followed in order to establish new, much less override its own prior, legal interpretations of a statute and that also raises severe due process concerns.  *PHH Corp.* v. *CFPB*, 839 F.3d 1, 44-46 (D.C. Cir. 2016) (holding that the Bureau's retroactive application of a new interpretation of a statute "violated due process" by failing to provide "fair notice of what conduct is prohibited"), *reinstated in relevant part on reh'g en banc*, 881 F.3d 75 (D.C. Cir. 2018).  Even if the Bureau had attempted to observe the requirements of the APA and due process, the Bureau's actions would have been unlawful, as the plain terms of the statute are clear and leave the Bureau with no room to take its current position, which is the opposite of what the statute prescribes.  Unfortunately, however, given the Bureau's supervision and enforcement powers, its recent actions place an impossible burden on the Associations' members in deciding how, if at all, to respond to the Bureau's questionable reversal of its longstanding position on the scope of EFTA.

The Associations are confident that the court will decide this issue consistently with the existing caselaw, including a very recent decision from the Eastern District of New York.  *See Bhuya* v. *Citibank, N.A.*, 2024 U.S. Dist. LEXIS 101179, at *7-8 (E.D.N.Y. June 6, 2024) (report and recommendation finding that because the plaintiff alleged that the unauthorized transfers from her consumer account were "*wire* transfers, the Arbitrator was correct in finding that the EFTA [did] not apply to [her] claims").  The Bureau should immediately withdraw its blog post and respect the rule of law.

Where we do agree with the Bureau is that fraud on consumers is a serious problem.  Rather than assert novel and unprecedented positions following a state attorney general-initiated litigation, we urge the Bureau to work collaboratively with the private sector to enhance security against and increase consumer awareness of fraud, to constructively tackle the problem.

-3-

Respectfully submitted,

*Stephanie Heller*
Stephanie Heller
THE CLEARING HOUSE ASSOCIATION L.L.C.
1114 Avenue of the Americas, 17th Floor
New York, NY  10036
(212) 613-0100

*Gregg Rozansky*
Gregg L. Rozansky
THE BANK POLICY INSTITUTE
600 13th Street N.W., Suite 400
Washington, D.C.  20005
(202) 289-4322
Gregg.Rozansky@BPI.com

*Niall O'Hegarty*
Niall O'Hegarty
NEW YORK BANKERS ASSOCIATION
99 Park Avenue, 17th Floor
New York, NY  10016
(212) 297-1600

*Andrew Doersam*
Andrew R. Doersam
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave. NW
Washington, D.C.  20036
(202) 663-5035