

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

March 27, 2025

**By ECF**

The Honorable J. Paul Oetken
United State District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    *The People of the State of New York v. Citibank N.A.*, No. 24 Civ. 659 (S.D.N.Y.)

Dear Judge Oetken:

    Defendant Citibank N.A. incorrectly claims that the Consumer Financial Protection Bureau's two-page motion to withdraw its statement of interest in this case, and its paragraph-long blog post about that motion "confirm[]" that Defendant's fully-briefed motion for certification should be granted. (*See* ECF No. 70).

    The Bureau's motion to withdraw its statement of interest does not support—much less "confirm[]"—that certification is warranted. To the contrary, it expressly states that the Bureau "takes no position on this matter" and "does not intend to participate in this case any further." (*See* ECF No. 69 at 2). In fact, the Bureau's motion to withdraw is irrelevant to any matter currently pending before this Court. The Bureau's statement of interest was submitted "to assist the Court in its evaluation of Citibank's motion to dismiss." (ECF No. 28-1 at 1). Defendant's motion to dismiss was denied months ago in an opinion and order that scarcely mentioned the Bureau's statement of interest. (*See generally* ECF No. 49).

    In addition, the record refutes the suggestion in the Bureau's motion and blog post—and echoed by Defendant's letter—that the interpretation of EFTA advanced in the Bureau's statement of interest was "novel" or "unprecedented." (ECF No. 69 at 2; ECF No. 70 at 1). Indeed, as this Court found in its January 21, 2025 memorandum and order, the Federal Reserve promulgated official commentary nearly thirty-five years ago that explicitly contemplated EFTA "applying to particular parts of an overall wire transfer"—the "very result" that Plaintiff advances here. (ECF No. 49 at 27 (citing 55 Fed. Reg. 40,791, 40,804 (Oct. 5, 1990).).

Defendant's supplemental authority letter thus reflects yet another attempt to repackage arguments that this Court has already carefully considered and rejected. As shown in Plaintiff's opposition, Defendant's dissatisfaction with the Court's ruling does not suffice to establish a "substantial ground for difference of opinion" under Section 1292(b). (*See* ECF No. 64 at 15-17). And, in any case, nothing in the Bureau's motion or Defendant's letter changes the fundamental fact that certification of an appeal will not "materially advance the ultimate termination of the litigation," and thus should be denied on that basis alone. (*See id.* at 7-11).

Sincerely,

*Jane M. Azia*

Jane Azia
Bureau Chief, Bureau of Consumer Frauds & Protection
Jane.Azia@ag.ny.gov
212-416-8727

cc:    All Counsel of Record (via ECF)